THE LAW OFFICES OF MICHAEL BOTTON, LLC
Michael Botton, ESQ (MB8412)
1314 Main Street
Belmar, NJ 07719
Phone: (732) 894-3686
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISAAC TAWIL<br><br>       Plaintiff<br><br>v.<br><br>JACKSON TOWNSHIP; JACKSON TOWNSHIP TOWN COUNCIL; ROBERT A. NIXON individually and as Member of the Jackson Township Town Council; and ABC Corporations (#1-#10), JOHN DOES (#1-#10) and JANE DOES (#1-#10)<br><br>       Defendant(s) | Civil Action No.: 3:18-CV-00706 (PGS) (DEA)<br><br><br>**AMENDED COMPLAINT** |

Plaintiff, Isaac Tawil, residing at 41 Pitney Rd, Jackson, NJ, by way of Complaint against the Defendants says:

## PARTIES

1. Plaintiff Isaac Tawil is a citizen of the State of New Jersey.

2. Defendant Jackson Township is a township incorporated within Ocean County, State of New Jersey with a mailing address of 95 W. Veterans Highway, Jackson, NJ 08527.

3. Defendant Jackson Township Town Council is a governing body for the Township of Jackson and is located at 95 W. Veterans Highway, Jackson, NJ 08527.

4. Defendant Robert A. Nixon (hereafter "Nixon") at all times during the events herein set forth, was an elected member of the Jackson Twp. Town Council and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

5. Defendant John Does (#1-10), Jane Does (#1-10) and ABC Corporations (#1-10), inclusive, represent other individuals and/or entities unknown to the Plaintiff at this time, who participated in the causes of Plaintiff's damages and who will be specifically identified through discovery.

## SUBJECT MATTER JURISDICTION

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) in that the claims herein arise under U.S. Const. Amend. I; 42 U.S.C. § 1983 & 42 U.S.C.A. § 2000CC as more fully set forth below.

## VENUE

Venue is appropriate in the United States District Court, District of New Jersey, pursuant to 28 U.S.C. § 1391(b) as all the parties to this action are located in the State of New Jersey as stated above.

## SUBSTANTIVE ALLEGATIONS

1. Plaintiff, Isaac Tawil, (hereafter "Mr. Tawil) is a resident of Jackson Township and lives at 41 Pitney Lane, Jackson, NJ 08527.

2. Mr. Tawil is an Orthodox Jew.

3. As part of his observance of the Jewish Faith, Mr. Tawil is required to pray three times a day and, if at all possible, it should be done with a quorum of at least 10 men.  An

additional requirement of the Jewish Faith is the observance of the Sabbath every week from sundown Friday evenings until sundown on Saturday night.

4. As part of observance of the Sabbath, members of the Orthodox Jewish community are unable to operate any machinery or turn on/off electricity. As a result, when getting together to pray during the Sabbath, Orthodox Jews must walk to their synagogue or place of worship. Because Mr. Tawil does not live within walking distance of a synagogue, he invites other Orthodox Jews that live within walking distance of his house to pray with him during the Sabbath; a prayer on Friday nights starting just before sundown that lasts approximately one hour, again Saturday morning for 2 ½ hours, and again Saturday evening shortly before sundown and ending about 15 to 20 min after sundown on Saturday night.

5. In an attempt to prevent Mr. Tawil from observing the Jewish faith under the guise of enforcing a zoning ordinance, Defendant Nixon, in his position as a member of the Town Council, directed Jackson Township zoning officers to stake out his home on Friday nights. On several occasions a zoning officer was parked outside 41 Pitney Lane in Jackson supervising Mr. Tawil and his guests coming to his house to practice the Jewish Faith. The repeated presence of these officers had a chilling effect, was intimidating and became a form of harassment. Mr. Tawil was being denied his right to pray at his home by the actions of the Jackson Township Code Enforcement.

6. Even after a zoning officer's report to the Township and Mr. Nixon that there was no unlawful activity at 41 Pitney Lane, Mr. Nixon continued to direct Township personnel to intimidate and harass Mr. Tawil and his guests. This behavior started on or about June of 2016 and continued until January of 2017.

## COUNT I

### (42 U.S.C.§ 1983)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the Substantive Allegations to Count I as if fully set forth herein.

2. Tawil has a right, protected by the Fourth and Fourteenth Amendment of the United States Constitution, against false, baseless and arbitrary arrest, detention, and prosecution on criminal charges, and against arbitrary deprivations of his liberty and property.

3. The actions of the Defendants in this matter, in harassing Mr. Tawil based upon his observance of the Jewish Faith, violated those rights, in that those actions were baseless.

4. The actions of the individual Defendants were taken under color of state law.

5. The Defendant Nixon and Officers John and Jane Doe (#1-10), as Jackson Township employees, in their capacity as Jackson Township employees, deprived Tawil of his federal constitutional and statutory rights.

6. This is a violation of 42 U.S.C.§ 1983.

7. As a proximate result of Defendants' actions, Mr. Tawil was injured and suffered physical, mental, emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

    (a) That Defendants pay full costs of this action to the Plaintiffs;

    (b) For compensatory damages;

    (c) For punitive damages;

    (d) For interest, attorney's fees and costs of suit; and

    (e) For such further relief as the Court shall deem just and proper.

## COUNT II
### (U.S. CONST. AMEND. I)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2. The Defendant Nixon, and officers John and Jane Doe (#1-#10), as Jackson Township employees, in their capacity as Jackson Township employees used their position(s) to intimidate and harass Mr. Tawil to deprive him of his right to practice his religion under the color of a zoning law with the intent to inhibit Mr. Tawil's free exercise of his first amendment right to freedom of religion.

3. As a proximate result of Defendants' actions, Mr. Tawil was injured and suffered physical, mental, emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

(e) For such further relief as the Court shall deem just and proper.

## COUNT III
### (42 U.S.C.A. § 2000CC)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2. Defendant Nixon in his capacity as an employee of Jackson Township and the Defendant Jackson Township itself violated 42 U.S.C.A. § 2000CC when attempting to use a zoning statute to restrict Isaac Tawil's right to practice his religion.

3. As a proximate result of Defendants' actions, Mr. Tawil was injured and suffered physical, mental, emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

    (a)    That Defendants pay full costs of this action to the Plaintiffs;

    (b)    For compensatory damages;

    (c)    For punitive damages;

    (d)    For interest, attorney's fees and costs of suit; and

    (e)    For such further relief as the Court shall deem just and proper.

### COUNT IV
### (State Law – N.J.S.A. Const. Art. 1, § 3)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2. The Defendant Nixon, and officers John and Jane Doe (#1-10), as Jackson Township employees, in their capacity as Jackson Township employees, used their position(s) to intimidate and harass Mr. Tawil to deprive him of his right to practice his religion under the color of a zoning law, to prohibit Mr. Tawil's free exercise of his First Amendment Right to Freedom of Religion.

3. As a proximate result of Defendants' actions, Mr. Tawil was injured and suffered physical, mental, emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

(e) For such further relief as the Court shall deem just and proper.

## COUNT V
### (Civil Conspiracy)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2. The individual Defendants conspired as set forth above to subject Mr. Tawil with harassments and intimidation to prevent him from exercising his right to practice the Jewish Faith in violation of his U.S Constitutional and New Jersey Constitutional right in the free exercise clause of both.

3. The actions of the individual Defendants were taken in their capacities as elected officials, appointed officers, or employees of the Defendants Nixon, officers John and Jane Doe (#1-10) of Jackson Township and Jackson Township Council are therefore attributable to Jackson Township.

4. As a proximate result of Defendants' actions, Mr. Tawil was injured and suffered physical, mental, emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

(e) For such further relief as the Court shall deem just and proper.

Dated: February 15, 2018                               *Michael Botton, Esq. /s/*

                                        Michael Botton (MB) MB8412
                                        The Law Offices of Michael Botton, LLC
                                        1314 Main Street
                                        Belmar, NJ 07719
                                        Phone: (732) 894-3686
                                        Attorney for the Plaintiff

## JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury on all issues.

Dated: February 15, 2018                               *Michael Botton, Esq. /s/*

                                        Michael Botton, Esq. MB8412
                                        Law Office of Michael Botton, LLC
                                        Attorneys for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that MICHAEL BOTTON, ESQ., is hereby designated as Trial Counsel.

Dated: February 15, 2018                               *Michael Botton, Esq. /s/*

                                        Michael Botton, Esq. MB8412
                                        Law Office of Michael Botton, LLC
                                        Attorneys for Plaintiffs